Order affirmed, with $10 costs and disbursements. Memorandum: The decision of McGee v. International Life Ins. Co. (355 U. S. 220) has laid at rest most of the issues presented upon this motion for summary judgment made and decided prior thereto. This action was brought to recover upon a judgment recovered in Pennsylvania upon a policy of accident insurance issued in 1921 to plaintiff’s testate who then and until his death on February 4, 1949 resided in that State. On May 20, 1949 the General Assembly of Pennsylvania enacted the Unauthorized Insurer’s Process Act (40 Purdoa’s Penna. Stat., §§ 1005.1-1005.6). The Pennsylvania action was eotnmaoced in September, 1949 and service was made upon defendant pursuant to the provisions of the stated statute. The defendant defaulted in appearance and pleading. Appellant concedes that the sole question to be considered upon *961 this appeal is the applicability of the Pennsylvania statute to this action which was commenced after the enactment of the statute. The controlling provisions are found in section 2 of the enactment (40 Purdon’s Penna. Stat., § 1005.2). Therein certain acts are enumerated that are stated to he equivalent to and constitute an appointment hy the insurer of the Pennsylvania commissioner as its attorney upon whom process may he served in any action arising out of the contract of insurance. In affirming we hold that summary judgment was properly denied because there was at least a triable question of fact as to whether the company had not engaged in acts effected in Pennsylvania by mail or otherwise after the effective date of the statute from which a finding might he made that such action constituted “ the transaction of insurance business ” with respect to the very contract in suit. We do not pass upon the broader question of whether the doing of insurance business generally after the effective date of the statute is sufficient to authorize the service of process in accordance with the statute. (Cf. Perkins v. Benguet Mining Co., 342 U. S. 437, 447.) All concur. (Appeal from an order of Oneida Special Term denying defendant’s motion to dismiss the complaint and for summary judgment.)
[8 Misc 2d 210.]
Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.